NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| XL SPECIALTY INSURANCE CO., et al., | |
| Plaintiffs, | CIVIL NO. 06-1234 (GEB) |
| v. | |
| WESTMORELAND COAL CO., et al., | MEMORANDUM OPINION |
| Defendants. | |

**BROWN, Chief District Judge**

  This matter comes before the Court upon Defendant Westmoreland Mining, LLC's (hereinafter "Defendant") Motion for Reconsideration [Docket Entry # 35] of the Court's June 26, 2006 Memorandum Opinion and Order denying Defendants Westmoreland Coal Company and Westmoreland Mining, LLC's (hereinafter "Defendants") request to dismiss the Complaint for lack of subject matter and personal jurisdiction. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Court, having considered the parties' submissions and having decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set forth below, will deny Defendant's motion.

I.  PROCEDURAL BACKGROUND

  On March 1, 2006, Plaintiffs XL Specialty Insurance Company and XL Reinsurance American, Inc. (hereinafter "Plaintiffs") filed a Complaint seeking a declaratory judgment that they may cancel a $22 million surety bond issued on behalf of Defendants and that Defendants would be required to indemnify Plaintiffs for any losses that will result from said cancellation.

On April 12, 2006, Defendants filed a motion to dismiss. In their motion, Defendants argued that the Court lacked subject matter jurisdiction over both Defendants because the issues presented in Plaintiffs' Complaint were not ripe for adjudication. Defendant Westmoreland Mining further argued that the Court also lacked both general and specific personal jurisdiction with regards to them.

On June 26, 2006, this Court denied Defendants' motion. Defendant filed the instant motion for reconsideration on July 11, 2006. Plaintiffs submitted timely opposition and Defendant's a timely reply with permission from the Court.

## II.   DEFENDANT'S MOTION

Defendant seeks to have this Court reconsider Its determination regarding that portion of the underlying motion to dismiss in which lack of personal jurisdiction was alleged. Specifically, Defendant argues that: (1) it was "manifestly erroneous as a matter of fact" for this Court to find that Plaintiffs had moved their principal place of business to New Jersey; and (2) it was "manifestly erroneous as a matter of law" for this Court to find that the continuing obligations imposed by Defendant's Contract of Indemnity permit it to be haled into court in New Jersey or any other state.

## III.   DISCUSSION

L.Civ.R. 7.1(i) provides that a motion for reconsideration must be served and filed within ten business days after the entry of the original judgment and is to be granted only if a court overlooked certain factual matters or controlling decisions of law. Further a court entertains a motion for reconsideration only if that court overlooked matters that might reasonably have resulted in a different decision. *See United States v. Compaction Systems Corp.*, 88 F.Supp. 2d

339, 345 (D.N.J. 1999). Courts are cautioned that reconsideration is an extraordinary remedy to be granted sparingly. *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F.Supp. 2d 349, 353 (D.N.J. 2001). Reconsideration is not appropriate where the motion only raises a party's disagreement with the original decision rendered by a court, *Browers v. National Collegiate Athletic Association*, 130 F.Supp. 2d 610, 612-13 (D.N.J. 2001), and mere disagreement with a court will not suffice to show that said court overlooked relevant facts or controlling law. *United States v. Compaction Sys. Corp.*, 88 F.Supp. 2d 339, 345 (D.N.J. 1999).

In the first instance, Defendant's instant motion is untimely. This Court entered judgment regarding the underlying matter on June 26, 2006. *See* Civil Docket. Defendant filed this motion on July 11, 2006 - eleven business days later. Defendant failed to offer an explanation regarding why they failed to file their motion in a timely fashion, or make any request for an extension of time to file the motion beyond the ten-day limitation period set by the local rules. This alone is sufficient to deny Defendant's motion. *See T.H. and K.H. v. Clinton Twp. Bd. of Education*, 2006 WL 1722600 (D.N.J.); *Morris v. Siemens Components, Inc.*, 938 F.Supp. 277, 278 (D.N.J. 1996).

Moreover, Defendant's motion offers no new information or controlling law to substantively refute the prior determinations of this Court. First, Defendant asserts that this Court erred by finding that Plaintiffs had moved their principal place of business to New Jersey when in fact the Plaintiff XL Speciality is a Delaware corporation with its principal place of business in Connecticut and Plaintiff XL Reinsurance is a New York corporation with its principal place of business in Connecticut. However, this Court stated on page three of Its Memorandum Opinion that "[I]n or about April or May of 2001, Plaintiffs' surety administrative

and underwriting home office moved from New York, New York to Warren, New Jersey." As such, the Court was fully aware that it was the surety administrative and underwriting home office that had relocated to New Jersey and Defendant has therefore failed to provide new facts for Its reconsideration.

Second, Defendant asserts that it was "manifestly erroneous as a matter of law" for this Court to find that the continuing obligations imposed by Defendant's Contract of Indemnity permit it to be haled into court in New Jersey or any other state. However, Defendant fails to provide any controlling law, new or old, that would require the Court to reconsider Its position, which was previously established over several pages of step-by-step analysis.

Defendant has therefore failed to assert new information or controlling law to substantively refute the prior determinations of this Court and Defendant's Motion for Reconsideration shall be denied.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration [Docket Entry # 35] is DENIED.

s/Garrett E. Brown, Jr.<br>
**HONORABLE GARRETT E. BROWN, JR**<br>
**CHIEF UNITED STATES DISTRICT JUDGE**

Dated:   August 4, 2006